1

2

3

4

5

6            UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF WASHINGTON

7    JENNIFER MOONEY,

8          Plaintiff,                        No.  1:16-CV-03006-RHW

9          v.

10   CAROLYN W. COLVIN,                       **ORDER GRANTING PLAINTIFF'S
                                              MOTION FOR SUMMARY
11   Acting Commissioner of Social           JUDGMENT AND REMANDING
     Security,                                FOR BENEFITS**

12         Defendant.

13         Before the Court are the parties' cross-motions for summary judgment, ECF

14   Nos. 13, 14.  Ms. Mooney brings this action seeking judicial review, pursuant to 42

15   U.S.C. § 405(g), of the Commissioner's final decision, which denied her

16   application for Supplemental Security Income under Title XVI of the Social

17   Security Act, 42 U.S.C §§ 1381-1383F.  After reviewing the administrative record

18   and briefs filed by the parties, the Court is now fully informed.  For the reasons set

19   forth below, the Court GRANTS Ms. Mooney's Motion for Summary Judgment

20   and REMANDS for benefits.

# I.    Jurisdiction

Ms. Mooney filed an application for Supplemental Security Income on November 28, 2012, AR 336-39, alleging onset of disability on September 28, 2012.[1]  AR 336.  Her application was initially denied on January 31, 2013, AR 264-267, and on reconsideration on May 8, 2013, AR 276-78.  On November 14, 2013, Administrative Law Judge ("ALJ") Mary Gallagher Dilley held a video hearing from Seattle, Washington.  AR 19.  On April 21, 2014, ALJ Dilley issued a decision finding Ms. Mooney ineligible for benefits.  AR 16-36.  The Appeals Council denied Ms. Mooney's request for review on November 17, 2015, AR 1-4, making the ALJ's ruling the "final decision" of the Commissioner.  Ms. Mooney timely filed the present action challenging the denial of benefits, and accordingly, her claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

# II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant shall be determined to be

[1] Ms. Mooney previously filed an application for Supplemental Security Income benefits on November 8, 2007, but after remand and a second hearing before an ALJ, Ms. Mooney was found not to be disabled within the meaning of the Social Security Act. AR 19. This was not appealed and not at issue in this case.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR BENEFITS~ 2**

under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act.  20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b) & 416.920(b).  Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit.  20 C.F.R. §§ 404.1572 & 416.972.  If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits.  20 C.F.R. §§ 404.1571 & 416.920(b).  If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1520(c) & 416.920(c).  A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence.  20 C.F.R. §§ 404.1508-09 &

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR BENEFITS~ 3**

416.908-09.  If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required.  Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings").  If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits.  *Id.*  If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work.  20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f).  If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends.  *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c).  To meet this burden, the Commissioner must establish that (1) the claimant is capable of

1  performing other work; and (2) such work exists in "significant numbers in the

2  national economy."  20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,*

3  676 F.3d 1203, 1206 (9th Cir. 2012).

4  ## III.    Standard of Review

5  A district court's review of a final decision of the Commissioner is governed

6  by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited, and the

7  Commissioner's decision will be disturbed "only if it is not supported by

8  substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1144,

9  1158-59 (9th Cir. 2012) (citing § 405(g)).  Substantial evidence means "more than

10  a mere scintilla but less than a preponderance; it is such relevant evidence as a

11  reasonable mind might accept as adequate to support a conclusion." *Sandgathe v.*

12  *Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d

13  1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted).  In determining

14  whether the Commissioner's findings are supported by substantial evidence, "a

15  reviewing court must consider the entire record as a whole and may not affirm

16  simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc.*

17  *Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879

18  F.2d 498, 501 (9th Cir. 1989)).

19  In reviewing a denial of benefits, a district court may not substitute its

20  judgment for that of the ALJ.  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.

1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and accordingly, are only briefly summarized here. Ms. Mooney was 38 years old on the date of her application. AR 29. Ms. Mooney has at least a high school education and can communicate in English. *Id.* She has no past relevant work experience. *Id.* Ms. Mooney alleges the following conditions: degenerative disc disease, fibromyalgia/pain disorder, cellulitis, obesity, affective disorder, anxiety disorder, personality disorder, and heroin addiction. ECF No. 13 at 1.

//

1

## V.    The ALJ's Findings

2        The ALJ determined that Ms. Mooney was not disabled under the Social

3  Security Act and denied her application for benefits.  AR 19-30.

4        **At step one**, the ALJ found that Ms. Mooney had not engaged in substantial

5  gainful activity since the date of application, November 28, 2012 (citing 20 C.F.R.

6  § 416.971 *et seq.*).  AR 21.

7        **At step two**, the ALJ found Ms. Mooney had the following severe

8  impairments: obesity, bilateral lower extremity cellulitis, pain disorder, affective

9  disorder, anxiety disorder, and personality disorder (citing 20 C.F.R. § 416.920(c)).

10 AR 21-23.

11       **At step three**, the ALJ found that Ms. Mooney did not have an impairment

12 or combination of impairments that meets or medically equals the severity of one

13 of the listed impairments in 20 C.F.R. §§ 404, Subpt. P, App. 1 (citing 20 C.F.R.

14 §§ 416.920(d), 416.925, & 416.926).  AR 23-25.

15       **At step four**, the ALJ found that Ms. Mooney could perform sedentary work

16 as defined in 20 C.F.R. § 416.967(a), except that she could: lift and carry ten

17 pounds occasionally and less than ten pounds frequently; stand and walk no more

18 than two hours in an eight-hour workday; never climb ropes/ladders/scaffolds;

19 occasionally climb ramps/stairs, kneel, and crawl; frequently stoop and crouch;

20

avoid concentrated exposure to extreme cold and hazards; and perform simple, routine, and repetitive tasks. AR 25-29.

The ALJ found that Ms. Mooney had no past relevant work and thus, transferability of job skills was not an issue. AR 29.

**At step five**, the ALJ found that, considering her age, education, work experience, residual functional capacity, and acquired work skills from past relevant work, in conjunction with the Medical-Vocational Guidelines and the testimony of a vocational expert, there are jobs that exist in significant numbers in the national economy that Ms. Mooney can perform, including semi-conductor bender, assembler/inspector, and bench assembler. AR 29-30.

## VI.    Issues for Review

Ms. Mooney argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence.  Specifically, she argues the ALJ erred by improperly weighing the medical evidence and improperly rejecting her symptom testimony. ECF No. 13 at 6.

## VII.   Discussion

**A. The ALJ improperly rejected the opinion of treating physician Dr. Caryn Jackson, M.D.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating

providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [his or her] interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or her own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

1    Dr. Jackson treated Ms. Mooney over multiple years, and as her treating

2    physician, Dr. Jackson's opinions are entitled to the highest level of deference. The

3    ALJ gave "some weight" to the form completed by Dr. Jackson in December 2012,

4    which limited Ms. Mooney to the sedentary level of work. AR 27-28, 782-84. The

5    ALJ, however, gave essentially no weight to the subsequent form completed by Dr.

6    Jackson in September 2013 that discussed specific limitations, including the need

7    to lie down during the day and to elevate her legs. AR 28, 1058. Dr. Jackson's

8    opinion also states that Ms. Mooney would miss four or more days per month on

9    average due to "exacerbations of chronic pain" and increased tension and anxiety.

10   AR 1059. ALJ Dilley rejected this opinion because Dr. Jackson allegedly "failed to

11   explain with the use of objective medical findings why these conclusions were

12   reached." AR 28.

13   Dr. Jackson's September 2013 statement report is far more detailed than the

14   December 2012 statement that was curiously given more weight despite less

15   objective findings. *Cf.* AR 780-82 and 1058-59. Moreover, the ALJ's assertion that

16   Dr. Jackson failed to provide objective findings in her September 2013 statement is

17   inaccurate. *Id.* For each of the limitations detailed, Dr. Jackson provides

18   explanations, based on her clinical observations over the period of time she served

19   as Ms. Mooney's treating physician. The ALJ's blanket statement that this form

20   should be given minimal weight on this basis does not satisfy the standard. *See*

*Lester v. Chater*, 81 F.3d at 830-31. Thus, the ALJ erred in rejecting Dr. Jackson's September 2013 statement.

## B. When the limitations proposed by Dr. Jackson are accepted as true, the record demonstrates Ms. Mooney is disabled.

"Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.'" *Lester*, 81 F.3d at 834 (quoting *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989)).  Dr. Jackson opined that Ms. Mooney would need to elevate her legs throughout the day and would miss at least four days per month on average due to her impairments. AR 1058-59. When vocational expert Trevor Duncan was asked if the requirement to elevate her legs was added to Ms. Mooney's assessed residual functional capacity, Mr. Duncan testified that this would eliminate the ability to sustain gainful employment. AR 177. Likewise, the impact of four or more missed workdays per month would limit the ability to sustain gainful employment according to Mr. Duncan. *Id.* Thus, based on Mr. Duncan's testimony as a vocational expert, either the requirement for Ms. Mooney to elevate her legs or the likelihood of four or more missed workdays per month would preclude her ability to work. With credit of this testimony, the Commissioner fails to sustain her burden that there are other jobs available in the sufficient quantities in the national economy that Ms. Mooney can do. *Beltran*, 676 F.3d at 1206.

Case law dictates that remand for an award of benefits is appropriate when:

(1) the ALJ has failed to provide legally sufficient reasons for rejecting a medical opinion;
(2) there are no outstanding issues that must be resolved before a determination of disability can be made; and
(3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

Based on the testimony of Mr. Duncan, it is clear that if Dr. Jackson's opinion had been properly credited, Ms. Mooney would have been found to be disabled because there would be no jobs that exist in significant quantities in the national economy that she could perform. *See Beltran*, 676 F.3d at 1206. The Court need not even determine whether the ALJ erred with regard to her analysis of Ms. Mooney's subjective symptom complaints because upon credit of Dr. Jackson's opinion, the record shows Ms. Mooney is disabled. No purpose would be served by remanding for further proceedings; thus, the appropriate remedy is to remand for immediate payment of benefits.

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and not free of legal error. Accordingly, **IT IS ORDERED:**

*//*

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED.**

2.  Defendant's Motion for Summary Judgment, **ECF No. 14,** is **DENIED.**

3. **Judgment shall be entered for Plaintiff** and against Defendant.

4. This matter is **REMANDED** for immediate payment of benefits.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **CLOSE the file**.

**DATED** this 12th day of October, 2016.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR BENEFITS~ 13**