UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER MOONEY,<br><br>      Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>      Defendant. | No.  1:16-CV-3006-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO AMEND OR ALTER JUDGMENT** |

Before the Court is Defendant's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e).  ECF No. 18. The Court has considered the briefing and the history of the case, and is fully informed. The motion was heard without oral argument.

## Background

On October 12, 2016, the Court granted Plaintiff Jennifer Mooney's Motion for Summary Judgment and remanded for immediate payment of benefits without further proceedings. ECF No. 16. The Court held that the Administrative Law

**ORDER DENYING MOTION TO AMEND OR ALTER JUDGMENT ~ 1**

Judge ("ALJ") had erred in discrediting the medical opinion of Dr. Caryn Jackson, M.D., Ms. Mooney's treating physician. *Id.* at 8-11. When the limitations set forth by Dr. Jackson were presented to vocational expert Trevor Duncan, Mr. Duncan testified that these limitations would eliminate Ms. Mooney's ability to sustain gainful employment. *Id.* at 11. Based on this testimony, the Court found Ms. Mooney to be disabled, additional proceedings would be unnecessary, and ordered a remand for payment of benefits. *Id.* at 11-13. On the same day, judgment was entered in favor of Ms. Mooney. ECF No. 17.

The Commissioner timely filed this Motion to Alter or Amend Judgment on November 9, 2016, alleging that the Court committed clear error and the decision was manifestly unjust. ECF No. 18.

## Analysis

A party may ask the Court to amend or alter a previous order pursuant to FED. R. CIV. P. 59(e). This is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The decision to deny or grant a motion pursuant to FED. R. CIV. P. 59(e) is within the discretion of the district court. *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003). A 59(e) motion may be granted when: (1) the motion is necessary to correct "manifest errors of law upon which the judgment is based"; 2) the moving party presents newly discovered or

**ORDER DENYING MOTION TO AMEND OR ALTER JUDGMENT** ~ 2

previously unavailable evidence; 3) the motion is necessary to "prevent manifest injustice"; or 4) there is an intervening change in controlling law. *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Pursuant to 42 U.S.C. § 405(g), district courts have the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The Commissioner's determination will be set aside when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)).

The Commissioner asserts that the Court erred by applying the "credit-as-true" to Dr. Jackson's opinion. ECF No. 18 at 3-6. The "credit-as-true" rule requires that: (1) the record is fully developed and no further administrative proceedings would be useful; (2) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find disability on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Further, the Ninth Circuit has indicated that it could be an abuse of discretion for a district court *not* to remand when all of these conditions are met unless the record as a whole seriously calls into doubt that the claimant is disabled. *Id.*; *see also, e.g., McCartey v.*

**ORDER DENYING MOTION TO AMEND OR ALTER JUDGMENT ~ 3**

1  *Massanari*, 298 F.3d 1072, 1706-77 (9th Cir. 2002); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007).

In *Garrison*, a vocational expert testified that based on the limitations set forth in the improperly discredited evidence, the claimant could not work. *Garrison*, 759 F.3d at 1022. That is also what happened in the instant case. Based on the limitations set forth in Dr. Jackson's improperly discredited evidence, Mr. Duncan testified that Ms. Mooney is unable to work. *See* ECF No. 16 at 11-12, AR 177, 1058-59. Because of this clear evidence of disability, the Court had the discretion to remand for further proceedings or an immediate award of benefit. The Court reviewed the full record and found that further proceedings would be unnecessary and the record did not seriously call into doubt that Ms. Mooney is disabled. *See Garrison*, 759 F.3d at 1022-23.

Accordingly, **IT IS ORDERED:**

1.  Defendant's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), **ECF No. 18**, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 21st day of December, 2016.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER DENYING MOTION TO AMEND OR ALTER JUDGMENT ~ 4**